Per
 
 Curiam.
 

 This transaction involves the interests of three parties; the father, son and the plaintiff previous to her marriage. Contracts when not in writing are sometimes expressly proved, at others, must be ascertained, from such circumstances as attend them; particularly where the interests of third persons are concerned.The jury will consider from the circumstances of the negro’s being reputed the property of the son, whilst in his possession, his speaking of him as his own, and the acquiescence of the father, if such was the case whether there was not a gift. Should they believe the conversation, which is stated to have passed, between the father, and the mother of the plaintiff; and that conversation was any inducement to the marriage; and further that the negro was delivered to his son, upon his intermarriage, with an intention to make a gift, it should be considered as obligatory upon the father at least as it respects the wife now the administratrix.
 

 It is a rule of law that acknowledgments, or confessions of parties may affect themselves but not third persons.—If the defendant had evidenced his intention to give the negro in marriage by his conversation before, delivery of the negro after marriage, and permitting him to remain in the possession of the deceased, till his death—there would seem such an interest in the widow, the present plaintiff, as to bring into operation this distinction—Under this impression, the jury will reject the acknowledgments of the son, respecting the property of the father in the negro. Verdict. $600, the value of the negro; and $440 25, damages, for detention.